UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ORLIN LEWIS | * | CIVIL ACTION NO: **20-00342** |
| VERSUS | * | |
| JOSEPH P. LOPINTO, III, INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH, NICHOLAS BROUSSARD, RYAN RIVETTE AND WAYNE RUMORE, IN THEIR INDIVIDUAL CAPACITIES AS JEFFERSON PARISH DEPUTY SHERIFFS | * * * * | SECTION: |
| | * | MAG: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW COMES** petitioner, **ORLIN LEWIS**, through undersigned counsel, who respectfully represents:

## I. PRELIMINARY STATEMENT

1. This action is brought pursuant to 42 U.S.C. §1983 and 1988 as an action of law to redress the deprivation under the color of statute, ordinance, regulation and custom and usage of right, privilege or immunity secured to the petitioner by the Fourth and Fourteenth Amendments to the Constitution of the United States and arising under the laws, constitution and statutes of the State of Louisiana. Supplemental jurisdiction over

-1-

claims under state constitutional and statutory law is also invoked.

## II. JURISDICTION

2. Jurisdiction is vested in this Court by 28 U.S.C. § 1331 and 1343.

3. Supplemental jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

## III. PARTIES

### (PETITIONER)

4. **ORLIN LEWIS** (hereinafter "LEWIS"), an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

### (DEFENDANTS)

5. **JOSEPH P. LOPINTO, III** (hereinafter "SHERIFF LOPINTO"), in his individual and official capacity as Sheriff of Jefferson Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

6. **NICHOLAS BROUSSARD** (hereinafter "BROUSSARD"), individually, as a Jefferson Parish Sheriff's Deputy, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

7. **RYAN RIVETTE** (hereinafter "RIVETTE"), individually, as a Jefferson Parish Sheriff's Deputy, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

8. **WAYNE RUMORE** (hereinafter "RUMORE"), individually, as a Jefferson Parish Sheriff's Deputy, an adult citizen of the State of Louisiana and domiciled

in the Eastern District of Louisiana.

9. At all times relevant hereto and in all actions of defendants herein, these acts were committed under color of state law and under color of their authority as Sheriff and Sheriff's Deputies.

10. The defendants are liable jointly, severally and insolido.

## IV. **FACTUAL ALLEGATIONS**

11. On February 9, 2019, at approximately 8:00 p.m., defendants, BROUSSARD, RIVETTE and RUMORE, participated in the traffic stop of LEWIS after he fled in a vehicle from a business located in the 7500 block of Airline Highway in Metairie, Louisiana.

12. As the above defendant deputies pursued LEWIS in their vehicles the defendant, BROUSSARD, passed the LEWIS vehicle and abruptly turned sharply in front of the LEWIS vehicle in an obvious attempt to cut off the forward motion of the LEWIS vehicle. As a result of this maneuver by BROUSSARD LEWIS collided with the BROUSSARD vehicle. Both the LEWIS and BROUSSARD vehicles came to a stop.

13. LEWIS climbed out of his vehicle and fled on foot from BROUSSARD. LEWIS, realizing he could not avoid arrest, stopped and laid face down in the street to surrender.

14. BROUSSARD approached LEWIS with his gun drawn and ordered LEWIS to place his hands behind his back as he lay face down in the street. LEWIS immediately

complied. BROUSSARD then holstered his gun, knelt on LEWIS's back and cuffed both of LEWIS's hands behind his back. BROUSSARD then pulled LEWIS up to his knees. BROUSSARD then unholstered his gun and struck LEWIS in the face with his gun. Immediately after being struck in the face by BROUSSARD, LEWIS was kicked in the head two or three times by one or both of the defendants, RIVETTE and/or RUMORE.

15. At no time after surrendering and lying face down on the street did LEWIS ever again attempt to flee or resist any defendant.

16. Alternatively, if the above specifically named defendant deputies did not strike LEWIS in the face with a gun and kick him in his head, they did at a minimum witness the illegal use of excessive force by one of the other specifically named co-defendants, and failed to intercede to stop it, or failed to report said illegal use of force to their supervisor.

17. The defendants, BROUSSARD, RIVETTE and RUMORE, then conspired with one another to conceal their use of excessive force upon LEWIS by fabricating the following claims:

    A. LEWIS swerved into RIVETTE's vehicle causing RIVETTE to lose control;

    B LEWIS intentionally struck BROUSSARD's vehicle twice and pushed BROUSSARD's vehicle down the overpass;

    C. BROUSSARD tackled LEWIS to the ground;

    D. After being tackled LEWIS physically resisted BROUSSARD by throwing several closed fist punches;

    E. BROUSSARD struck LEWIS in self-defense.

 18. In addition, the defendant deputies' conspiracy to conceal their use of excessive force included their cover up of BROUSSARD gratuitously striking LEWIS in the face with his gun and RIVETTE and/or RUMORE's kicks to LEWIS's head.

 19. This conspiracy by the above-named defendant deputies was entered into following the beating of LEWIS. Its goal was to cover up their excessive use of force on LEWIS and to justify his bodily injuries thereby denying him his right to recover damages for violation of his civil rights.

 20. Following LEWIS's beating by the above-named defendants Emergency Medical Services ("EMS") were summoned to treat LEWIS's injuries.

 21. As a result of the beating LEWIS sustained multiple facial fractures which required facial reconstructive surgery. LEWIS also sustained multiple broken or cracked teeth as well as nerve damage in his face and mouth.

 22. At all times mentioned herein, the defendants, BROUSSARD, RIVETTE and RUMORE, were acting in the course and scope of their employment with SHERIFF LOPINTO. As such, the defendant, SHERIFF LOPINTO, would be liable to LEWIS for the state law torts of assault and battery attributable to said defendant deputies under the state law theory of respondeat superior.

 23. The defendant, SHERIFF LOPINTO, is liable to the petitioner for damages, because he knew, or should have known, of a pattern/policy of prior misconduct by the

defendants, BROUSSARD, RIVETTE, RUMORE and other members of the Jefferson Parish Sheriff's Office, which included their repeated illegal use of excessive force, and their repeated falsification of police reports, yet he ignored this pattern/policy of misconduct and continued to retain them and refused to properly supervise and/or discipline them. The defendant, SHERIFF LOPINTO, as their supervisor was deliberately indifferent to this pattern/policy of misconduct and made no effort to impose sanctions for previous actions involving excessive force or falsification of police reports, when he knew or should have known, that it was foreseeable that they would continue with the same behavior. The conduct of the defendants, BROUSSARD, RIVETTE, RUMORE and other members of the Jefferson Parish Sheriff's Office, and the damages to LEWIS, were directly and proximately caused by this pattern and/or policy of misconduct as described.

24. As a result of the actions of the defendants described in paragraphs 11 through 21 and paragraph 23, LEWIS sustained damages for his past, present and future physical pain and suffering, mental anguish, distress, embarrassment, humiliation, disfigurement and medical expenses.

25. In addition, as a result of the actions described in paragraphs 11 through 21 and paragraph 23, LEWIS sustained damages for violations of his Fourth Amendment Right against unreasonable search and seizure and Fourteenth Amendment Right to due process.

26. At all relevant times the conduct of the defendants was willful, reckless and callous disregard of LEWIS's rights under federal law.

27. All the defendants are liable to LEWIS for punitive damages as a result of violating his civil rights.

## V. CAUSES OF ACTION

### COUNT I

### CIVIL RIGHTS VIOLATION BY BROUSSARD, RIVETTE and RUMORE

28. The allegations of paragraphs 1 through 27 are repeated.

29. The actions of BROUSSARD, RIVETTE and RUMORE violated LEWIS's rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure and to due process.

### COUNT II

### CIVIL RIGHTS VIOLATION BY SHERIFF LOPINTO IN HIS INDIVIDUAL CAPACITY AS A SUPERVISOR AND/OR ALTERNATIVELY, IN HIS OFFICIAL CAPACITY AS A POLICYMAKER

30. The allegations of paragraphs 1 through 27 are repeated.

31. The violation of LEWIS's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, LEWIS's damages, and the conduct of BROUSSARD, RIVETTE, RUMORE and other members of the Jefferson Parish Sheriff's Office were directly and proximately caused by the actions and/or inactions of SHERIFF LOPINTO who encouraged, tolerated, ratified, and has been

deliberately indifferent to the following policies, patterns, practices and customs, and the need for more or different training, supervision, investigation, or discipline in the areas of:

    A.    The use of excessive force by deputies;

    B.    The failure to monitor deputies with a history and/or pattern of repeatedly utilizing excessive force in connection with their arrests;

    C.    The failure of deputies to follow established policies, procedures, directives and instructions regarding arrests and the use of force;

    D.    The failure to identify and take remedial or disciplinary action against deputies who have utilized excessive force or have been the subject of prior civilian or internal complaints of misconduct; and

    E.    The failure to properly sanction or discipline deputies who observe and are aware of but conceal and/or aid and abet violations of constitutional rights of other citizens by other deputies.

## COUNT III

### STATE LAW CLAIMS AGAINST
### BROUSSARD, RIVETTE and RUMORE

32.    The allegations of paragraphs 1 through 28 are repeated.

33.    The actions of BROUSSARD, RIVETTE and RUMORE, constitute the torts of assault and battery under the laws of the State of Louisiana.

## COUNT IV

### STATE LAW CLAIMS AGAINST SHERIFF LOPINTO

34.    The allegations of paragraphs 1 through 28 are repeated.

35. The actions of SHERIFF LOPINTO in failing to properly train, supervise or discipline the defendant deputies and in negligent retaining them are torts under the laws of the State of Louisiana.

36. Under state law SHERIFF LOPINTO is vicariously liable to LEWIS for the state law torts committed by BROUSSARD, RIVETTE and RUMORE.

## VI. DAMAGES

37. As a result of the afore-described civil rights violation and state law claims, LEWIS suffered past, present and future physical injuries, mental, physical and emotional pain and suffering, mental anguish and distress, embarrassment, humiliation, disfigurement and medical expenses for which he is entitled to general, special and punitive damages.

38. LEWIS seeks reasonable attorney's fees in accordance with 42 U.S.C. § 1988 plus judicial interest and for the defendants to bear all costs of these proceedings.

**WHEREFORE**, the petitioner, ORLIN LEWIS, prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in his favor and against the defendants, JOSEPH P. LOPINTO, III, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF JEFFERSON PARISH, NICHOLAS BROUSSARD, RYAN RIVETTE and WAYNE RUMORE, IN THEIR INDIVIDUAL CAPACITIES AS JEFFERSON PARISH

DEPUTY SHERIFFS, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable and general relief available.

        Respectfully submitted,

        /s/   Gary W. Bizal
        **GARY W. BIZAL** (La. Bar #01255)
        **GARY W. BIZAL, L.L.C.**
        639 Loyola Avenue, Suite 1820
        New Orleans, Louisiana 70113
        (504)525-1328 Telephone
        (504)525-1353 Fax
        gary@garybizal.com

        ATTORNEY FOR PETITIONER,
        ORLIN LEWIS

**SERVICE ON ALL DEFENDANTS WILL BE MADE BY WAIVERS**